**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ADRAIN BRADD,

       Plaintiff,

vs.                        CASE NO. 2:09-CV-14100
                                HONORABLE GERALD E. ROSEN
                                CHIEF UNITED STATES DISTRICT JUDGE

P.A. GIDEL, et. al.

       Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

       Plaintiff is an inmate currently confined at the Federal Correctional Institution in Milan, Michigan.  On October 30, 2009, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide a signed certification of his prison trust account from an authorized prison official.  Alternatively, the order allowed plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee in full.  Plaintiff was given thirty days to comply with the order.  To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information.

       28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605.  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be dismissed for want of prosecution. *Id.*  If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

In the present case, plaintiff has failed to provide the Court with a signed certification regarding his prison trust fund account.  An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).   Plaintiff has therefore failed to correct the deficiency in this case.

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d

at 605.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 11, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on ___December 11, 2009___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
  Adrain Bradd, #10662-051, FCI Milan, P.O. Box 1000, Milan, MI 48160      .


s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137

3